Morton J.
delivered the opinion of the Court. The plaintiffs declare on a joint promise. The defendant relies on a *418 mis-joinder or non-joinder of plaintiffs. By the well settled rules of pleading, no promise can be given in evidence but one to all the plaintiffs. A promise to a part of them, or a promise to the whole of them with others, will not support the action. 1 Chit. Pl. 6 ; 1 Wms’s Saund. 291 g; 2 Wms’s Saund. 122, note 1.
The defendant contends, in the first place, that the plaintiffs were tenants in common and not joint tenants in the cargo ; and secondly, that if they were originally joint owners of the cargo, yet there was a subsequent severance ; so that in either event the undertaking of the defendant was several to each of the plaintiffs, and not to all of them jointly. These points raise questions of some difficulty. But a short view of the case presents itself to our minds, which seems to be fatal to the action, and to render unnecessary the consideration of these questions.
The outward cargo was undoubtedly owned by the five plaintiffs, in the proportions stated in the report. The vessel proceeded to Guayaquil, where the outward cargo was disposed of and the proceeds vested in cocoa. This was shipped for Gibraltar and was there the property of the same persons and owned in the same proportions as the outward cargo Gardner and Smith, the master and supercargo, became the owners of six sixteenths, either jointly or severally. But they made an assignment of their shares or interest in the cocoa to certain insurance companies. This would seem to pass all the interest of Gardner and Smith in the cocoa, to these insurance companies. It is difficult to perceive how they had any property on board after this assignment. But the case does not stop here ; for Capt. Gardner transferred to Robinett and Wheelright a portion of his share of the cocoa. As evidence of their interest in the cargo he gave them a bill of lading, acknowledging the receipt of one thousand bags of cocoa, consigned to the defendant, “ to be delivered pro rata to the whole quantity shipped in the vessel.”
Now if Robinett and Wheelwright took a joint interest in the whole cargo in the proportion which one thousand bags bear to the whole, then they ought to be joined. But if they became the owners of the thousand bags, then the plaintiffs *419 cannot recover, because the whole cargo with the exception of the thousand bags, appears to have been accounted for. So that let us view it in whatever light we may, the plaintiffs cannot recover.
If the different owners had a several and not a joint interest in the cargo, then the undertaking to account was several and this joint action cannot be maintained.
If they had a joint interest, then the assignment to the insurance companies gave them a joint interest with the plaintiffs, and the undertaking of the defendant was to them jointly with the plaintiffs, and so they should have been joined.
So if Robinett and Wheelwright became jointly interested in the whole cargo, they were included in the defendant’s undertaking and the action cannot be maintained without joining them.
And if they became the exclusive owners of the thousand bags, then it is clear on the merits that the plaintiffs have no right to recover.

Verdict set aside and plaintiffs nonsuit.

Upon a motion for costs, the following opinion was drawn up by
Shaw C. J.
After the opinion of the Court had been given in the present case, upon the principal question discussed, a question arose, whether certain trustees originally summoned in this suit, are entitled to costs, and if so, upon what principle the costs ought to be taxed..
The facts conceded are, that the defendant not being within the jurisdiction of the court personally, several persons were summoned as his trustees; that they appeared at the first term, admitted their having effects and charged themselves, and no further examination was had, or question raised upon that subject; that the suit proceeded and was contested between the principal parties, and resulted in a judgment for the defendant. .
Under these circumstances we think the trustees are entitled to costs, by force of the provision, in the 4th section of the St. 1794, c. 65, that where the plaintiff doth not support his action against the principal, the court shall award costs *420 against him in favor of such of the persons summoned as trus* tees &c- Such was the construction put upon the statute in Cleveland v. Clap, 5 Mass. R. 208.
It is analogous to the general rule, that the prevailing party shall recover costs, a trustee being regarded to many purposes as a party. A trustee may appeal ; a plaintiff may appeal from a judgment discharging a trustee ; although in either case, the principal defendant is defaulted or passive. And where the plaintiff fails in his suit, it is very manifest, that the defendant can be chargeable with no expense, and of course the trustee can have no claim for costs out of the funds in his hands, being the funds of the defendant liable to no charge.
But as to the amount of costs, the Court are of opinion, that where the trustee appears at the first term and admits funds, and no interrogatories are afterwards filed, and the trustee is not again called upon, and the litigation proceeds altogether between other parties, the trustee is not entitled to costs after the first term. We think it would be unjust in principle, and required by no necessary or reasonable construction of the statute, that a trustee should be allowed costs during the whole of a protracted litigation, between other parties, in relation to which he has no concern, and can incur no responsibility.
Very different considerations will apply where the real controversy is between the attaching creditor and the trustee, and the question is, whether he is liable, upon what grounds, and for what amount. There the rights and claims of the trustee himself are not unfrequently involved, he has a direct interest, and the litigation is carried on in order to ascertain and secure his rights. This subject is alluded to and discussed, and several suggestions made as to the mode in which a trustee may indemnify himself in such cases, but no definite or practical rule laid down, in Adams v. Cordis, 8 Pick. 269.
One of the cases there suggested, that, namely, where the plaintiff prevails in the suitj and where the trustee charges himself, so that the funds become liable to answer the debt, has been regulated by statute, providing that in such case taxable costs, with reasonable counsel fees and other necessary expenses, may be retained by the trustee out of the *421 effects in his hands. St. 1829, c. 128, § 2. This, of course, cannot be applicable where the trustee is discharged, and where there is no fund out of which to retain his costs. There, if he has seasonably answered and is in no default, he is entitled to costs ; but the amount of costs must depend upon the circumstances of the case. Without laying down agen eral rule for all cases, which would be difficult, we are of opinion, that where the trustee appears and answers at the first term, and is never further examined or put to trouble or expenses, he is entitled to his legal taxable costs, for that term only.[1]

 But see Rev. Stat. c. 109, § 49, 50; Holbrook v. Waters, 19 Pick. 357 Crocker v. Baker, 18 Pick. 407.